## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MC ALLEN DIVISION

| | | |
|---|---|---|
| **FRANCISCO RODRIGUEZ AND** | § | |
| **ALICIA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **NATIONAL LIABILITY & FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441(a) and 1332(a), Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY (hereinafter "***Defendant NL & F***") removes this action from the 93rd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division. In support of removal, ***Defendant NL & F*** respectfully shows the Court as follows:

### I.

### STATE COURT ACTION

1.    On June 26, 2017, Plaintiffs FRANCISCO RODRIGUEZ and ALICIA RODRIGUEZ (hereinafter "***Plaintiffs***") filed their "Original Petition" in the 93rd Judicial District Court of Hidalgo County, Texas. The case (hereinafter "*the State Court action*") was assigned Cause No. C-2811-17-B, and was filed *sub nom.* *Francisco Rodriguez and Alicia Rodriguez v. National Liability & Fire Insurance Company*.

1

2.     The District Clerk of Hidalgo County, Texas, duly issued Citation to ***Defendant NL & F*** on June 27, 2016, and the Defendant was served with "Plaintiffs' Original Petition" on June 30, 2017 (see Exhibit "C," attached).  Accordingly, Removal is timely under 28 U.S.C. §1446.

## II.

## PROCEDURAL REQUIREMENTS

3.     This action is properly removed to this Court, as the State Court action is pending within this District and Division.

4.      In accordance with 28 U.S.C. §1446(a) and Rule LR81 of the Local Rules of the United States District Court for the Southern District of Texas, this Notice of Removal is accompanied by copies of:

Exh. A.     An Index of matters being filed;

Exh. B.     The "Citation" issued by the District Clerk of Hidalgo County, Texas, to ***Defendant NL & F***;

Exh. C.     The two (2)-page "Officer's Return" memorializing service of Citation upon the Defendant;

Exh. D.     "Plaintiffs' Original Petition and Written Discovery";

Exh. E.     "Defendant's Original Answer," filed in the State Court action on July 17, 2017;

Exh. F.     The State District Court's Docket Sheet; and

Exh. G.     A list of all counsel of record, including addresses, telephone numbers, and parties represented.

5.      In accordance with 28 U.S.C. §1446(d), **Defendant NL & F** is, concurrently with the filing of this Notice, filing a "Notice of Removal" in the 93rd Judicial District Court of Hidalgo County, Texas.

## III.

## DIVERSITY JURISDICTION

6.      This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiffs and the Defendant.  Plaintiffs are citizens and residents of the State of Texas, while **Defendant NL & F** is a Connecticut corporation whose main office and principal place of business is located in Omaha, Nebraska.

7.      As recited in "Plaintiffs' Original Petition," at Paragraph 2, the amount in controversy in this case exceeds $75,000.00.

## IV.

## CONCLUSION

8.      Removal of this action is proper under 28 U.S.C. §§1441(a) and 1332(a).  This is a civil action that was brought in State Court, and there is complete diversity of citizenship between the Plaintiffs and **Defendant NL & F**.  The amount in controversy exceeds $75,000.00.

9.      **Defendant NL & F** removes this action from the 93rd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, Mc Allen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

THE BROPHY LAW FIRM, P.C.

  _/s/ Michael V. Brophy_
Michael V. Brophy
State Bar I.D. No.: 03082630
S.D. Tex I.D. No.: 6849
12946 Dairy Ashford Rd., Suite 370
Sugar Land, TX    77478
(281)-277-4141
(281)-277-4111    FAX
E-Mail:  Mike@Brophylawfirm.com

ATTORNEY FOR DEFENDANT
NATIONAL LIABILITY & FIRE
            INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the attached document has been served upon the following by the method of service indicated on this the 25th day of July, 2017:

**VIA ELECTRONIC SERVICE:**

Mr. Hector L. Rodriguez                                        (E-Mail: hectorlawfirm@gmail.com)
HECTOR L. RODRIGUEZ LAW FIRM, P.L.L.C.
511 West University Drive
Edinburg, TX  78539

                                              _/s/ Michael V. Brophy_
                                              Michael V. Brophy

4

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MC ALLEN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO RODRIGUEZ AND** | § | |
| **ALICIA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **NATIONAL LIABILITY & FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant** | § | |

**INDEX OF MATTERS BEING FILED**

In compliance with Rule LR81 of the Local Rules of the United States District Court for the Southern District of Texas, Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY respectfully submits this Index of matters being filed in this case (along with Defendant's "Notice of Removal"):

1)  "Notice of Removal"

2)  State Court Citation

3)  Two (2)-page "Officer's Return of Service

4)  "Plaintiff's Original Petition and Written Discovery"

> (**NOTE**: Written Discovery redacted/omitted from filing)

5)  "Defendant's Original Answer"

6)  State Court Docket Sheet

7)  "Defendant's List of Counsel"

Respectfully submitted,


THE BROPHY LAW FIRM, P.C.

__ */s/ Michael V. Brophy* _____
Michael V. Brophy
State Bar I.D. No.: 03082630
S.D. Tex. I.D. No.: 6849
12946 Dairy Ashford Rd., Ste. 370
Sugar Land, TX   77478
(281)-277-4141
(281)-277-4111    FAX
E-Mail: Mike@Brophylawfirm.com

ATTORNEY FOR DEFENDANT

# EXHIBIT B

**FILED**

AT __11:07__ O'CLOCK __A__ M

**NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO**

JUL 0 5 2017

LAURA HINOJOSA, CLERK
District Court, Hidalgo County
by_____Deputy#15

**C-2811-17-B**
**93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**National Liability & Fire Insurance Company**
**By serving: Corporation Service Company**
**211 E 7th Street Ste 620**
**Austin TX 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rodolfo "Rudy" Delgado, 93rd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 26th day of June, 2017 and a copy of same accompanies this citation. The file number and style of said suit being C-2811-17-B, **FRANCISCO RODRIGUEZ, ALICIA RODRIGUEZ VS. NATIONAL LIABILITY & FIRE INSURANCE COMPANY**

Said Petition was filed in said court by Attorney HECTOR L. RODRIGUEZ, 511 WEST UNIVERSITY DRIVE EDINBURG TX 78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 27th day of June, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**ALESSANDRA GALVAN, DEPUTY CLERK**

# EXHIBIT C

**C-2811-17-B**
## OFFICER'S RETURN

Came to hand on _26ᵗʰ_ of ___June___, 201_7_ at _5_ o'clock _P_.m. and executed in _Travis_ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _C-2811-17-B_ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Chris Salzan | 6/30/17 | | 211 E. 7ᵗʰ ST. STE. 620 AUSTIN, TX 78701 |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.   I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Rodolfo Ruiz_, my date of birth is _04-14-92_ and the address is _511 W. University Drive_, and I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED in _Travis_ County, State of Texas, on the _30ᵗʰ_ day of _June_, 201_7_.

_____
**Declarant'**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

National Liability & Fire Ins. Co.
c/o: Corporation Service Co.
211 E. 7th St. Ste.620
Austin, TX 78701

9590 9402 1682 6053 6276 55

2. Article Number (Transfer from service label)

7016 0340 0000 2694 3614

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____ Chris Sexton    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 JUN 30 2017

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

# EXHIBIT D

Electronically Filed
8/26/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-2811-17-B**

| | | |
|---|---|---|
| FRANCISCO RODRIGUEZ AND | § | IN THE DISTRICT COURT OF |
| ALICIA RODRIGUEZ, | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| NATIONAL LIABILITY & FIRE | § | |
| INSURANCE COMPANY, | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME, **FRANCISCO RODRIGUEZ and ALICIA RODRIGUEZ** (hereinafter collectively "**Plaintiffs**"), and files this pleading, complaining of **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** and for cause of action would respectfully show unto the Court the following:

### DISCOVERY LEVEL

1.       Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiffs intend that discovery in this case will be conducted under Level 3.  Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief above the expedited-actions limit.

2.       Plaintiffs fully understand and expect that a Hidalgo County jury will have the final say on what monetary relief, if any, that Plaintiffs are justly entitled to, based on **NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S** conduct.  But, the Texas Rules of Civil Procedure ("T.R.C.P.") require a Plaintiff to state an amount of monetary relief that a Plaintiff seeks. Therefore, in accordance with the requirements of T.R.C.P. 47, Plaintiffs seek monetary relief over

Electronically Filed
8/25/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

$200,000.00, but not more than $1,000,000.00.  Plaintiffs also seek non-monetary relief in the form of a Declaratory Judgment.

## PARTIES

3.    Plaintiffs are residents Hidalgo County, Texas.

4.    Defendant **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** (hereinafter "Defendant")**,** is an insurance company duly licensed to do business in the State of Texas. Defendant may be served by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.

5.    To the extent that the above-named company Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that company pursuant to the terms of Tex. R. Civ. P. 28, and Plaintiffs hereby demand that upon answering this suit, such company or companies answer in their correct legal name and assumed name.

## VENUE

6.    Venue of this lawsuit is proper in Hidalgo County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE, CHAPTER 15 in that the incident giving rise to this cause of action occurred in Hidalgo County, Texas.

## FACTS

7.    On or about January 28, 2016 Plaintiffs were driving a 2008 Chrysler Town & Country, traveling west bound on Expressway 83 when, suddenly and without warning, they were struck by PAOLA SIADE JACOBO, who was also heading in the same direction as Plaintiffs.  PAOLA SIADE JACOBO failed to keep a proper look out and failed to control her speed.  The San Juan Police Department Officer Fernando Ruvalcaba investigated the collision and determined that PAOLA SIADE JACOBO failed to control her speed and was solely responsible for the subject collision.

Electronically Filed
8/25/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

8.      Plaintiffs will show the Court that the negligent conduct of PAOLA SIADE JACOBO was a direct and proximate cause of the collision described here, and of the bodily injuries and damages sustained by Plaintiffs.

9.      At such time, Plaintiffs were protected against loss caused by bodily injury, and resulting from the ownership, maintenance, or use of an underinsured motor vehicle by a policy of insurance issued by Defendant.

## NEGLIGENCE OF PAOLA SIADE JACOBO, UNDERINSURED DRIVER

10.      On the occasion in question, the PAOLA SIADE JACOBO operated an automobile in a negligent manner and violated the duty which PAOLA SIADE JACOBO owed Plaintiffs to exercise ordinary care in the operation of said motor vehicle in at least the following particulars:

a.   In operating her vehicle at a speed greater than is reasonable and prudent under the circumstances then existing in violation of the Texas Transportation Code Ann. Sec.545.351 sections (a), (b)(1) and (2) and (c)(3) and (5) and 545.352;

b.   In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the Texas Transportation Code Ann. Sec. 545.401;

c.   In failing to turn her vehicle in another direction to avoid an impending collision, as would have been done by a reasonably person exercising a reasonable degree of prudence under the same or similar circumstances;

d.   In failing to keep the vehicle she was driving under proper control, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

e.   In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

f.   In failing to timely and properly apply her brakes, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances; and

g.   In demonstrating driver inattention.

Electronically Filed
8/26/2017 9:2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

11.     Each of the above acts or omissions, singularly or in combination with each other, constituted negligence, which proximately and directly caused Plaintiffs' injuries and damages.

12.     Furthermore, Plaintiffs assert that the acts and/or omissions of PAOLA SIADE JACOBO alleged herein constitute gross negligence and that same was done or failed to be done, in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of the Plaintiffs and others similarly situated.   Therefore, Plaintiffs plead for exemplary damages in an amount in excess of the minimal jurisdictional limits of the Court which is sufficient to punish PAOLA SIADE JACOBO and deter others from engaging in similar conduct.

## DAMAGES

13.     Plaintiffs allege that as a direct and proximate result of the conduct and/or omission on the part of PAOLA SIADE JACOBO, Plaintiffs are entitled to recover at least the following legal damages:

a.  Past necessary and reasonable medical, hospital, and pharmaceutical expenses;

b.  Future necessary and reasonable medical, hospital, and pharmaceutical expenses, which, in all reasonable probability, will be incurred;

c.  Physical pain and suffering and mental anguish (however with respect to mental anguish damages Plaintiffs only assert mental loss for the common emotional reaction to an injury) in the past;

d.  Physical pain and suffering and mental anguish (however, with respect to mental anguish damages, Plaintiffs only assert mental loss for the common emotional reaction to an injury) which, in all reasonable probability, will be suffered in the future;

e.  Physical impairment in the past;

f.  Physical impairment which, in all reasonable probability, will be suffered in the future;

g.  Disfigurement in the past;

h.  Disfigurement in the future;

Electronically Filed
8/25/2017 9:12:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

    i.    Loss of enjoyment of life in the past and, in all reasonable probability, in the future;

    j.    Loss of earnings in the past and, in all reasonable probability, loss of future earnings;

    k.    Loss of earning capacity in the future; and

    l.    Pecuniary losses in the past and, in all reasonable probability, in the future.

14.    Plaintiffs' damages are within the jurisdictional limits of this Court, at the time of the filing of this suit.  With the passage of time, Plaintiffs' damages may increase.

### PETITION FOR DECLARATORY RELIEF

15.    Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiffs and Defendant at the time of the collision, Plaintiffs seek a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37.001, et seq.  Plaintiffs seek a declaration construing the contract of insurance and declaring Plaintiffs' rights and obligations under the contract. Specifically, Plaintiffs seek a declaration from the Court that: (a) The negligence of PAOLA SIADE JACOBO was the proximate cause of the collision of January 28, 2016 and Plaintiffs' injuries and damages; (b) PAOLA SIADE JACOBO is an underinsured motorist; (c) Plaintiffs' claims for underinsured motorist benefits as a result of a motor vehicle accident which occurred on January 28, 2016, are covered under the Insurance Policy; (d) that Plaintiffs are entitled to recover from Defendant Plaintiffs' damages resulting from the motor vehicle collision the subject of this suit; (e) and specifying the amount of damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

16.    Plaintiffs also seek a declaration determining the amount of Underinsured Motorist benefits under the Insurance Policy to which Plaintiffs are entitled to recover from Defendant, after all applicable set-offs and credits, for each of the following elements damages covered under the Insurance Policy from Defendant on their underinsured motorist claim arising under the Insurance Policy:

Electronically Filed
8/26/2017 12:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

    a.   Reasonable and necessary medical treatment in the past;

    b.   Reasonable and necessary medical treatment in the future;

    c.   Loss of earnings in the past and future;

    d.   Loss of earning capacity in the future;

    e.   Severe physical pain and suffering and mental anguish (however with respect to mental anguish damages Plaintiffs only assert mental loss for the common emotional reaction to an injury) in the past;

    f.   Severe physical pain and suffering and mental anguish (however with respect to mental anguish damages Plaintiff only asserts mental loss for the common emotional reaction to an injury) in the future;

    g.   Substantial physical impairment in the past;

    h.   Substantial physical impairment in the future;

    i.   Scarring and disfigurement in the past; and

    j.   Scarring and disfigurement in the future.

17.    Plaintiffs seek all equitable and just, reasonable and necessary attorney fees which were incurred or which may be incurred in this matter including all such fees and expenses: (a) For preparation and trial; (b) For an appeal to the Court of Appeals; (c) For making or responding to an application for writ of error to the Supreme Court of Texas; and (d) If application for writ of error is granted by the Supreme Court of Texas.  Plaintiffs' counsel has been a licensed and practicing attorney since 1994.  Plaintiffs allege that the sum of $400.00 per hour is reasonable and customary for an attorney of like skill and expertise in Hidalgo County, Texas.

18.    Furthermore, Plaintiffs assert their claims under Texas Civil Practices and Remedies Code §37.001, *et seq.* to have their rights, status and other legal relationships under the applicable Insurance Policy with Defendant established by a court of competent jurisdiction.  Specifically, they seek a declaration from the Court under Chapter 541 of the Texas Insurance Code, which states:

**CHAPTER 541. UNFAIR METHODS OF COMPETITION**

Electronically Filed
8/26/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

### AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES SUBCHAPTER
### A. GENERAL PROVISIONS

§ 541.001. PURPOSE.  The purpose of this chapter is to regulate trade practices in the   business of insurance by:

   (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and

   (2) prohibiting those trade practices Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

§ 541.003. UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES PROHIBITED.  A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.
Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

§ 541.008. LIBERAL CONSTRUCTION.   This chapter shall be liberally construed and applied to promote the underlying purposes as provided by Section 541.001.
Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

### SUBCHAPTER B. UNFAIR METHODS OF COMPETITION
### AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES DEFINED

§ 541.060. UNFAIR SETTLEMENT PRACTICES.

   (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . .

      (5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

      (8) with respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim.
Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

19.     Plaintiffs specifically request that their right to collect underinsured insurance proceeds under the applicable policy of insurance with Defendant be declared, and that they be entitled to recover their insurance proceeds under the above referenced section, notwithstanding the existence of other insurance of a different kind, specifically, not limited to health insurance, or that third parties may be responsible for the damages suffered except as specifically provided in the policy.

20.     Plaintiffs also seek the recovery of their costs and reasonable and necessary attorney fees as are equitable and just, pursuant to Sec. 37.009 of the Texas Civil Practice and Remedies Code.

21.     Plaintiffs now ask the Court, pursuant to the Texas Declaratory Judgments Act Sec. 37.001 *et. seq.*, for a declaration that their injuries and damages fall within the underinsured motorist coverage of the Insurance Policy issued by Defendant and for a declaration of their rights to such benefits.

22.     Further, pursuant to §541.1542 of the Texas Insurance Code, Plaintiffs seek an order enjoining such acts or failures to act complained of, specifically an order enjoining Defendant and its employees, agents and representatives on "Claims" asserted by or on behalf of a "Claimant" from engaging in the following acts:

a.   Delaying or refusing, failing or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy to pay a "Claim" asserted by or on behalf of a "Claimant" with Defendant.

b.   With respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim;

c.   Seeking or requesting information concerning payments made, write-offs, or adjustments to medical bills incurred by or on behalf of a "Claimant" making a "Claim" as a result of other insurance except as may be specifically provided in the policy;

Electronically Filed
8/26/2017 12:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2811-17-B

    d.   Reducing the value of a "Claim" asserted by or on behalf of a "Claimant" under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and

    e.   Any other relief which the court deems proper.

    23.    Having determined that PAOLA SIADE JACOBO was at the time of the occurrence described above, operating an underinsured motor vehicle as the term is defined in the policy of insurance, Plaintiffs, timely and properly notified Defendant of the collision. Plaintiffs have fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay Plaintiffs sufficient and/or adequate benefits under this policy as it is contractually required to do so.

## <u>BREACH OF WARRANTIES</u>

    24.    Although Plaintiffs fully cooperated with Defendant, and despite the fact that all conditions precedent to their recovery of benefits and attorneys' fees have occurred, Defendant has failed and refuses to pay to Plaintiffs sufficient, adequate and/or the full benefits due under the applicable contract of insurance with Defendant, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

    25.    In reliance upon the representations, advertisements, recommendations and special knowledge and expertise of Defendant, Plaintiffs purchased the insurance policy in question from Defendant which was represented to confer specific rights, remedies, benefits and insurance coverages. Pursuant to the express terms of the contract of insurance with Defendant represented and warranted, among other things, that they would pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

26.      Pursuant to the terms of the contract, Defendant has breached its duties to Plaintiffs, including, but not limited to, their duty to negotiate in good faith, and/or fairly evaluate Plaintiffs' claim under their uninsured/underinsured insurance policy.

<u>**BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING**</u>

27.      Plaintiffs incorporate by reference as if fully set forth verbatim all facts outlined in the above paragraphs.

28.      Under Texas law, DEFENDANT owes its insured a duty of good faith and fair dealing. *Universal Life Ins. Co. v. Giles*, 950 S.W. 48 (Tex. 1997).  Due to the special relationship that exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when insurer's liability is reasonably clear, as it is in this case.

29.      Defendant further breached its duties of good faith and fair dealing by failing and refusing to comply with Texas laws concerning Plaintiffs' claims.  Specifically, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices.  The Act Mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

30.      In violation of the Unfair Claim Settlement Practices Act, Defendant and its agents, employees and representatives, prohibited acts and practices including, but not limited to, the following:

      a.  Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;

      b.  Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2811-17-B

    c.  Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

    d.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

    e.  Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; or

    f.  Failure of any insurer to maintain information required by §542.005.

31.    Thus, due to Defendant's breach of the duty of good faith and fair dealing and Defendant's failure and refusal to pay Plaintiffs' claim(s), Plaintiffs have incurred actual damages, including:

    a.  Medical expenses;

    b.  Non-economic damages including mental anguish (however with respect to mental anguish damages Plaintiffs only asserts mental loss for the common emotional reaction to an injury);

    c.  Additional interest due to the delay in payment of this claim.

32.    In addition, Defendant's conduct was committed with malice.

33.    Further, because Defendant has ratified and approved of the actions of its agents, employees and representatives including, who maliciously and wrongfully denied and delayed Plaintiff's claims, Plaintiffs are entitled to recover punitive damages.

## VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

34.    The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices.  Further, the legislature made it clear that this Act "shall be

Electronically Filed
8/28/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

liberally construed and applied to promote its underlying purposes as set forth in this section." See

Sec. 541.008 of the Texas Insurance Code.

35.    In violation of Chapter 541 of the Texas Insurance Code, Defendant knowingly and

intentionally engaged in unfair methods of competition and unfair and deceptive acts or practices in

the business of insurance by engaging in Unfair Settlement Practices with respect to a claim by an

insured or beneficiary including, but not limited to:

   a.   Misrepresenting to a claimant a material fact or policy provision relating to
        coverage at issue;

   b.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable
        settlement of:
        i.   a claim with respect to which the insurer's liability has
             become reasonably clear;

   c.   Refusing to pay a claim without conducting a reasonable investigation with
        respect to the claim; and

   d.   With respect to a Texas personal auto policy, delaying or refusing
        reasonable settlement of a claim solely because there is other insurance of
        a different type available to satisfy all or part of the loss forming the basis
        of that claim.

## MISREPRESENTATION OF INSURANCE POLICY

36.    Further, pursuant to Sec. 541.061 of the Texas Insurance Code, Defendant has

engaged in unfair methods of competition or unfair or deceptive acts or practices in the business of

insurance to misrepresent an insurance policy by:

   a.   making an untrue statement of material fact;

   b.   failing to state a material fact necessary to make other statements made not
        misleading, considering the circumstances under which the statements
        were made;

   c.   making a statement in a manner that would mislead a reasonably prudent
        person to a false conclusion of a material fact; or

   d.   making a material misstatement of law.

Electronically Filed
8/26/2017 9:12:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

### Relief Available to Injured Parties for
### Violations of Chapter 541 of the Texas Insurance Code

37.     Pursuant to Sec. 541.151 of the Texas Insurance Code, persons such as Plaintiffs who sustain actual damages may bring an action against another person for those damages cause by the other person engaging in an act or practice:  (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

38.     In a lawsuit filed under Chapter 541, any plaintiff who prevails may obtain:

   a.   The amount of actual damages plus court costs and reasonable and necessary attorneys' fees.

   b.   An order enjoining such acts or failure to act complained of; or

   c.   Any other relief which the court deems proper;

   d.   On a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.

### <u>VIOLATIONS OF THE TEXAS ADMINISTRATION CODE</u>

39.     Section 28.201 *et seq.* of the Texas Administrative Code provides that "No insurer shall engage in unfair claim settlement practices." Plaintiffs allege that Defendant engaged in unfair claim settlement practices violating the following subsections of the Texas Administration Code:

   a.   misrepresenting to claimant pertinent facts or policy provisions relating to coverages at issue;

   b.   failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

    c.    not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

    d.    compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

    e.    not attempting in good faith to settle promptly claims where liability has become reasonably clear under one portion of the policy in order to influence settlement under other portions of the policy coverage; and

    f.    refusing to pay claims without conducting a reasonable investigation based upon available information.

40.    Plaintiffs would show that Defendant's employee(s) were at all applicable times a "person" as that term is defined in section 541.002 of the Texas Insurance Code and that all or part of Defendant's violations described herein were committed by and through their employee(s) and other currently unknown employees and agents.

## DELAY IN PAYMENT OF CLAIM

41.    Pursuant to Sec. 542.058 of the Texas Insurance Code, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

42.    If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.  If a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

## BREACH OF INSURANCE CONTRACT

Electronically Filed
8/26/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

43.     Plaintiffs have had insurance with the Defendant for many years.  Plaintiffs paid their premiums to Defendant, as Defendant demanded.  Plaintiffs had a policy that provided for $30,000.00/$60,000.00 underinsured motorist coverage.

44.     On November 11, 2016, Defendant was advised of Plaintiffs' claim under Plaintiffs' uninsured/underinsured coverage by a faxed letter from their attorney. At the time of the occurrence described above, Defendant was obligated to provide uninsured/underinsured benefits to the Plaintiffs, as the term is defined in the policy of insurance.  Plaintiffs have timely and properly notified Defendant of the subject collision.  Defendant is and has been in possession of Plaintiffs' medical bills and medical records.

45.     Plaintiffs have fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit.  All conditions precedent have been performed or have occurred.  Nevertheless, Defendant failed to timely pay all of Plaintiffs' uninsured/underinsured coverage benefits due under this policy, as it is contractually required to do so.  Defendant has breached the uninsured/underinsured coverage provision of the insurance contract by not timely paying all uninsured/underinsured coverage benefits, when due to the Plaintiffs.

## ATTORNEY'S FEES

46.     As a result of Defendant's actions complained of in this Petition, Plaintiffs were required to engage the services of the Hector L. Rodriguez Law Firm, PLLC.  Plaintiffs, therefore, seek reimbursement of reasonable attorney's fees because Plaintiffs have been required to employ the undersigned attorney to file and prosecute this suit.  Plaintiffs, therefore, seek reimbursement of reasonable attorney fees in the amount of $400.00 per hour, in as much as Plaintiffs have been required to employ the undersigned attorney to file and prosecute this suit.  The reasonable costs for an appeal to The Thirteenth Court of Appeals is $45,000.00.  If the Texas Supreme Court grants a review, the reasonable costs for that appeal is $30,000.00.

Electronically Filed
8/25/2017 12:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

## WRITTEN DISCOVERY PURSUANT TO T.R.C.P. 194, 196, 197 and 198

47.     Comes now, PLAINTIFF FRANCISCO RODRIGUEZ, in the above styled case and serves these Written Interrogatories Nos. 1-23, Requests for Production Nos. 1-41, Requests for Admissions Nos. 1-58 and Requests for Disclosure on Defendant as allowed by Texas Rules of Civil Procedure 194, 196, 197, and 198.   Defendant has fifty (50) days to respond to Plaintiff's discovery requests.

## DEFINITIONS AND INSTRUCTIONS

1.     No later than fifty (50) days after service of these written discovery requests, you must serve a written response to the undersigned attorney at **Hector L. Rodriguez Law Firm, P.L.L.C.,** 511 West University Drive, Edinburg, TX 78539, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

2.     You are hereby notified that your duty to respond includes the duty to provide answers concerning records, documents and things in your physical possession regardless of the source from which they were obtained, as well as those not in your physical possession, but which can be obtained from sources under your control.  It is your duty, in answering this discovery, to furnish all information which is available to you, including information in your possession, in the possession of your attorney(s), investigator(s), employee(s), servant(s), agent(s) and/or representative(s).

3.     In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

4.     In the event any information requested by these requests for production is not produced for any reason, the reason or reasons for withholding such information shall be specifically stated.  This specification of such reason or reasons shall be sufficiently detailed to fairly permit counsel for Plaintiff(s) to ascertain the legal validity of the reason or reasons asserted for withholding the information from discovery.

5.     For each document or other requested information that you assert is privileged or not discoverable, please identify the document or other requested information with sufficient specificity, without waiving your asserted privilege, so that an assessment can be made as to whether it is needed in discovery efforts.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and custodian of the document.  For any such document(s), Plaintiff(s) request(s) a privilege log.

6.     With regards to documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS, you are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." Plaintiff's/Plaintiffs' counsel is willing to make agreements with you and your attorney(s) not to

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

disclose such documents to competitors, the media, or the public generally and is willing to enter into an agreement immediately so as not to delay production for such documents.

      **7.**     For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons, if however, for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

      **8.**     With respect to each requested document that has been destroyed, or is otherwise no longer within your possession, custody or control: (a) identify the document; (b) describe in detail the circumstance under which it was destroyed, lost or otherwise came to be beyond your possession, custody or control; (c) when it passed out of existence, or when it could no longer be located, and the reasons, if known, for the disappearance; and (d) identify each person having knowledge about the disposition or loss of the document and identify any other document evidencing the lost document's existence or any facts about the lost document. With respect to each document that was destroyed, please provide the procedures and authority under which it was destroyed and the identity of the person authorizing such destruction.

      **9.**     Please answer each request separately. If documents are numbered for production, in each response please provide both the information that identifies the documents and the document numbers. Also, in accordance with TRCP 193.1, you must identify the written discovery request(s) your response and/or production is being made in response to.

      **10.**     If you cannot answer any one or more of the following requests for production in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder.

      **11.**     If your response to any of these requests for production is that the answer may be derived from business records produced or made available for inspection by you, specify the responsive documents in sufficient detail to permit Plaintiff(s) to locate and identify them as readily as you can.

      **12.**     If any request for production or subpart thereof, is incapable of being answered because of a lack of records, incompleteness of records, or any other reason, identify for purposes of deposition, the name of those individuals possessing knowledge relevant to that particular request for production or subpart thereof.

      **13.**     You are under a duty to supplement these responses with respect to any question addressed to the identity and location of persons having knowledge of discoverable matters and expert witnesses to be called at trial. You are also under a duty to amend your responses to these requests for production if you discover that your responses were incorrect when made or are no longer true.

      **14.**     Plaintiff's/Plaintiffs' Requests for Production are deemed continuing until trial. If any information sought by said requests is learned or obtained after this discovery has been answered or, if answers for any reason should later become incorrect or incomplete, there is a continuing duty to the time of trial on the parties answering this discovery to formerly supplement answers previously submitted pursuant to the Texas Rules of Civil Procedure. If in response to any of Plaintiff's/Plaintiffs' document requests in this Request for the Production you fail to disclose any fact and then you subsequently disclose such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by you, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff(s), when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff(s) in your initial responses to this Request for the Production of Documents.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

**15.**     Pursuant to Rule 193.2(f), you are hereby placed on notice that you should not object to a request for written discovery on the grounds that it calls for production of material or information that is privileged, but should instead comply with Rule 193.3.  You are also hereby placed on notice that filing objections to written discovery on the grounds that it calls for the production of material or information that is privileged is contrary to Rule 193.2(f) and is, therefore, an error to file such objections.

**16.**     Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you erroneously object on the ground of privilege or exemption from discovery, you must adhere to Rule 193.3(a) and state in your response, the following:

    **a)**     That information or material responsive to the request has been withheld;

    **b)**     Identify the request to which the information or material relates; and

    **c)**     The specific facts that you claim support the asserted legal privilege.

**17.**     If you choose to file objections to written discovery contrary to Rule 193.2(f), pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described above, you are hereby requested to identify the information and material withheld within 15 days from the date of service of said response upon the party seeking discovery, and to serve a response that:

    **a)**     Describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    **b)**     Asserts a specific privilege for each item or group of items withheld.

**18.**     Please note that under Rule 192.5(c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    **a)**     Information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    **b)**     Trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    **c)**     The name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    **d)**     Any photograph or electronic image of underlying facts *(e.g.,* a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    **e)**     Any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

**19.**     In accordance with TRCP 193.7, you are hereby being placed on express and actual notice and for the specific purpose of making you aware that Plaintiff(s) intend(s) to use ALL documents you produce against you in pretrial proceedings and at trial.

**20.**     "You," "your," "yours," "Defendant," "this Defendant," and/or "Defendant Allstate," refers **NATIONAL LIABILITY & FIRE INSURANCE COMPANY** and any other person or entities (excluding attorneys) purporting to act on behalf of **NATIONAL LIABILITY & FIRE INSURANCE COMPANY.**

**21.**     The scope of discovery extends to all relevant and non-privileged information that might reasonably lead to the discovery of admissible evidence.  Each individual written discovery request must be answered fully, in writing, and under oath when required.  You have a responsibility to submit full and complete responses and to furnish reliable information, documents and other tangible things in your possession, custody or control or in the possession, custody or control of (1) past or present officers, agents, servants and employees, (2) its departments or divisions, (3) parent or subsidiary corporations, (4) sister corporations, (5) corporate affiliates, (6) foreign branches, (6) predecessor and successor corporations, (7) joint venture partners and (8) other persons, firms or

Electronically Filed
8/26/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

corporation which, because of their business relationship, would (or should) readily respond to your efforts to obtain the information and/or documents requested. You may refer to your "business records" only if the Plaintiff may obtain from those documents the same information you would provide if you were to respond to the request and only if the burden placed upon the Plaintiff by reference to the document is the same as the burden, which would otherwise be placed upon you. If any requested document is claimed to be privileged or otherwise protected from discovery, you shall identify in writing, with particularity, the basis for such claim and, in the case of any document withheld, to identify in writing: (a) its title or designation, (b) its author, (c) its date, (d) the names, positions and capacities of all persons to whom it was addressed and copies, or by whom it has been seen, (e) its general nature and subject matter, (f) its present location and custodian, and (g) the basis upon which it is claimed to be privileged or otherwise protected from discovery. If any document produced has been redacted in any manner whatsoever, you shall so indicate on the document and be prepared to furnish the un-redacted documents to the Court for in camera review along with supportive affidavits justifying the reaction.

22.    When available, for any document, provide the English translation of the complete document. For each document produced, indicate in your written response the Bates number or other identification of the documents responsive to each document request.

23.    As used herein, "document" means the original and each non-identical copy, whether non-identical because of alteration, attachments, blanks, comments, notes, underlying or otherwise, or any written record, graphic material, or other tangible evidence or thing, however described or titled, whether letter, memorandum, report, police or accident report, affidavit, personal and/or handwritten notes, tape recording, video, film, photo, photocopy, telegram, telex, transcript, electronically stored data or otherwise in your custody, possession or control, or to which you have access. As used herein, the term "document" is also intended to include electronically generated and stored data files, computer files, e-mails, archived voice mail, data storage devices such as floppy discs, hard discs, tape, backup tapes, optical discs, zip drives, USB drives, jump drives, thumb drives and flash drives - including but not limited to computer readable media, machine sensible, electronic or any other similar forms of information. The term "document" is further intended to include any computer records reflecting earlier drafts, revisions, addenda, amendments and the like with regard to any responsive document. If documents are produced in an electronic format, please include an electronic searchable objective index for all fields.

24.    "Communication" means the transmission, sending and/or receipt of information of any kind by or through any means including, but not limited to, speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (*e.g.,* e-mail), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks," CD-ROM discs, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all type and other media of any kind. The term "communication" also includes, without limitation, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demand, complaints, and press, publicity or trade releases.

25.    "Records" mean all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes, and amendments, graphic or any electronic or mechanical records or representations of any kind. Any electronic records or computer data which may exist shall be produced in ASCII comma delimited or fixed length field format and shall include all file, record, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in the latest format possible, whether in any Microsoft or Apple format, Dbase

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

(DBF) format, Excel (xls) format or ASCII comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media: Zip disk, Jaz disk, CD Rom, DVD format, thumb drive, zip drive, USB drive, jump drive or flash drive.

      26.     "Related to" or "relating to" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

      27.     "Pertain to", "pertains to", or "pertaining to" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts, or contradicts.

      28.     "Or" and "and" have conjunctive and disjunctive meanings.

      29.     "Defective" means possessing characteristics or qualities of any kind which negatively affect performance, durability, or life expectancy of any component of the vehicle Defendant(s) was/were driving/riding in at the time of the subject incident.

      30.     If any record, document, material or other item does not exist, refer to the request for production by the applicable paragraph/number and state that it does not exist. If you have reason to believe that these records once existed, state the circumstances under which they were lost or destroyed and the requested Item to which they are responsive.

      31.     If production of documents or other items required by this request would be unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact Plaintiff's/Plaintiffs' counsel within five (5) days of the receipt thereof and specify the problem or clarification needed. If you seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that you file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on you to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests. This note is provided specifically to put you on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Texas Rules of Civil Procedure.

      32.     All documents submitted in response to each numbered item of this request shall be accompanied with a document stating the name and title of the person or persons preparing the statement and a statement by the preparer that the information is accurate and true and is complete or is being withheld or has been otherwise destroyed.

      33.     In the event any record, document, material or other item is withheld (or any portion thereof), please provide the following information for each such withheld item:

      **a)**     The date of the item;

      **b)**     The name and title or position of the author and/or sender of the item;

      **c)**     The name and title or position of each and every person to whom the document was sent;

      **d)**     The general character or type of item (i.e., letter, memorandum, notes, *etc.*);

      **e)**     A brief description of the subject matter and length of the document and each attachment, appendix and exhibit thereto;

      **f)**     The name and title or position of each person having knowledge of any facts or factual basis on which the item was prepared; and

      **g)**     The basis for withholding the item including, but not limited to, any legal objection, privilege or claim (including reference to the statute, rule or

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

decision which is claimed to give rise to the withholding) and a description of the general topic of the information withheld.

34.    The Request shall be deemed continuing so as to require further and supplemental production if you obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

35.    "Identify" or "identity," when used in reference to a natural person, shall require you to state (a) his/her full name, (b) his/her present or last known address, and (c) his/her present or last known employer and job title.  When used in reference to a corporation or business entity, "identify" or "identity" shall require you to state (a) the full legal name of the corporation or business entity, (b) the present or last known address, and (c) the principal place of business and state of incorporation. When used in reference to a document, "identify" or "identity" shall require you to state (a) the date of such document, (b) the type of document, (c) the present location of such document or copies of such document, and (d) a brief summary of the contents of such document.

36.    "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

37.    "Incident," "accident," "occurrence," "subject incident," "subject accident," "subject occurrence," "incident in question," "accident in question," or "occurrence in question" means the incident that occurred on or about January 28, 2016 in Hidalgo County, Texas and/or as described by the Plaintiffs' live pleading that resulted in the injuries sustained by Plaintiffs.

**NOTICE:** You are notified herein that, pursuant to TRCP 193.7, Plaintiffs will use any document produced by Defendant as evidence in this cause, and will consider such document as self-authenticated for evidence purposes for use at any proceeding in this cause against the party producing it.

## FRANCISCO RODRIGUEZ'S
## WRITTEN INTERROGATORY NOS. 1-23 TO DEFENDANT

1.    Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories and the responses to the requests for production, and your relationship with the Defendant.

2.    Describe each separate file containing records, documents, or information relating to Plaintiffs' claims or Plaintiffs. Include in your description for each file: name, number, descriptive title, custodian, contents, and location.

3.    Identify by name, employer (if different from Defendant), business address, job title, and telephone number of the individual who will be Defendant's in-court representative.

4.    Identify by name, employer, business address, job title and telephone number and role of each of Defendant's employees, agents, representatives, adjusters, independent adjusters, independent adjusting firms, consultants and any entity or individual acting under any oral written agreement, who performed any claims work, participated in the evaluation of Plaintiffs' claim, and/or claims services of any type or nature, with respect to the insurance claims involved in this litigation.

Electronically Filed
8/26/2017 12:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

5. Identify all of your employees who evaluated Plaintiffs' claim, authorized settlement offers to be made to, and/or made decisions regarding any adjuster's authority to settle Plaintiffs' claim relating to uninsured/underinsured coverage provided to Plaintiffs.

6. Identify all criminal convictions of Plaintiffs, any parties to the suit, and/or any witnesses which you intend to use at trail for impeachment purposes pursuant to Texas Rule of Evidence 609.

7. In accordance with TRCP 194.2 (d) and 192.3 (a), if you are claiming a credit against judgment, please specify the dollar amount claimed in each category of damages claimed as well as specifically how you arrived at and calculated the dollar amount claimed for each category.

8. In accordance with TRCP 194.2(d) and 192.3(a), if you contest any of the economic damages and/or medical bills claimed by the Plaintiffs under TRCP 194.2(d), please state EACH CATEGORY OF DAMAGES or MEDICAL PROVIDER, the category of damages or medical provider being contested, the amount for each category or medical provider that is being contested, what you contend the correct dollar amount of damages for each category or medical provider should be, and the method of calculating what you contend to be the correct dollar amount of damages.

9. If you have information regarding any other claims for personal injury of any type which were made or potentially made by the Plaintiffs, Defendant or any other party to this lawsuit, please state all the information you have regarding such claim including the date of the claim, the type of claim, the name of the person making the claim, the other parties involved in the claim, the injuries claimed in such incident, any medical providers involved in any treating injuries made in the claim, any insurance company and claim number of the claim as well as the disposition of such claim.

Claim would include any claim for injury such as liability claim, automobile accident claim, any on the job injury claim, Personal Injury Protection Claim, Med-Pay claim, Workers Compensation Claim, claim under the Longshore and Harbor Workers Relief Act, and/or Claim under an ERISA policy for personal injury.

10. State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiffs' damages including, but not limited to, pre-existing physical or medical conditions and/or subsequent physical or medical condition to the Plaintiffs, or any combination thereof. Additionally, please state generally what facts lead you to believe that such act of omission caused or contributed to the incident.

11. State the procedures relied upon and the criteria utilized by Defendant in its investigation of Plaintiffs' claim to evaluate and place a dollar value on their claims.

12. Please state the amount of all settlement offers made by you in an effort to resolve Plaintiffs' claim prior to suit being filed and the method you used and how you calculated this amount and/or Plaintiffs' damages.  If you did not make an offer, please state the basis of the refusal to make an offer. Additionally, please identify the persons involved in arriving at such figure.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

13. Please state if you are denying coverage, asserting an exclusion or breach of the contract by Plaintiffs, or defending this case conditionally or on reservation of rights. If yes, please explain in detail.

14. Please list, describe, and identify all documents that support any and all:

    a. Conditions precedent to bringing this lawsuit against you that Plaintiffs have not met;
    b. Any terms and conditions of the insurance agreement that Plaintiffs did not comply with; and
    c. Any exclusions you assert are applicable to the demand for Uninsured/Underinsured Motorist Benefits.

15. Identify any statements that have been taken by Defendant or taken on Defendant's behalf, relating to this litigation or the claim which forms the basis of this lawsuit, including statements from any party or witness, and do the following:

    a. Identify the person who gave or made the statement.
    b. Specify the date when the statement was taken.
    c. Identify the person who took the statement.
    d. State whether the statement was recorded, regardless of medium (e.g., paper or electronic), and if so, identify the material.
    e. State whether defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

16. If anyone performed an investigation of this case on your behalf, please identify the following:

    a. The date upon which each such investigation was begun.
    b. The name, address, and telephone number of all persons conducting the investigation
    c. The names, addresses, and telephone numbers of all persons the investigator has contacted and indicate whether a written statement was obtained.
    d. Identify all reports, statements, photographs and any other documents obtained and/or generated pursuant to said investigation.

17. After making a diligent inquiry of the subject collision, please state in detail the manner in which you assert the incident occurred, specifying the speed, position, direction, and location of each vehicle involved during its approach to, at the time of, and immediately after the collision, including street names, and block numbers and sequential order of events.

18. On the day of the subject occurrence, where you engaged in the insurance business in Hidalgo County, Texas?

19. Please state the date you received written notice of Plaintiffs' claims.

20. Indicate, with respect to any expert designated by this party, whether you intend to challenge the expert's qualifications or the validity of the expert's opinions pursuant to the holdings of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *E.I. du Pont Nemours v. Robinson*, 923 S. W. 2d 549 (Tex. 1996), *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

2d 713 (Tex. 1998) or Tex. R. EVID. 702. As part of your answer state the legal, factual and/or scientific basis of the challenge.

21. If this Defendant contends that there was any comparative responsibility on the part of the Plaintiffs, please describe such.

22. Please identify your trial witnesses.

23. Please list the date you received each medical bill submitted by Plaintiffs, the amount submitted, the names of the providers, and the amount paid for each bill for the medical/healthcare treatment provided to Plaintiffs for the injuries they suffered as a result of the subject incident.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

## <u>VERIFICATION</u>

THE STATE OF _____            )(

                                           )(

COUNTY OF _____              )(


        BEFORE ME, the undersigned authority, on this day personally appeared _____

_____, the legal representative authorized to respond for **NATIONAL**

**LIABILITY & FIRE INSURANCE COMPANY**, known to me to be the person whose name

is subscribed to the foregoing instrument, who after being duly sworn and deposed, says that each

and all of the above and foregoing answers to written interrogatories are true and correct.


                        _____

                        _____,

                        Legal   representative   for   **NATIONAL
                        LIABILITY   &   FIRE   INSURANCE
                        COMPANY**


        SUBSCRIBED AND SWORN TO BEFORE ME, on this the _____ day of _____

_____, 20___, to certify which witness my hand and seal of office.


                        _____

                        Notary Public for the State of Texas

                        My Commission Expires on:_____

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

## FRANCISCO RODRIGUEZ'S
## <u>REQUESTS FOR PRODUCTION NOS 1-41 TO DEFENDANT</u>

All documents within your possession, custody or control that evidence, constitute, pertain, relate or refer to any of the following:

1.  A copy of the entire claims file and/or adjuster logs, including but not limited to, photographs, video, tape recordings, statements, notes, memorandums, tables, computer generated information, electronic data, and other written documents contained therein, which were generated in connection with the injury to Plaintiffs that form the basis of the above-captioned lawsuit.

2.  Please furnish a copy of written or other documentation and electronic data of the investigation of the claim in question.

3.  Please provide photographs, motion pictures, videotape, maps, drawings, charts, diagrams, measurements, surveys, electronic data or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the accident, or the area, persons or objects involved, either made at the time of, or after the time of events in question.

4.  Provide complete and unaltered copies of correspondence memoranda, reports, e-mails, facsimile transmissions, electronic data, and all other documents evidencing communications between Defendant and its: 1) adjusters; 2) employees; 3) officers; 4) agents; 5) representatives; 6) independent adjusters; 7) independent adjusting firms, and/or 8) Edward Facompre that relate or pertain to the insurance claim(s) involved in this litigation.

5.  Investigative reports relating to the claim and/or incident in question, including documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communication, electronic data, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant regarding the Plaintiffs' claims and subject collision before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation, or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

6.  Please provide copies of work papers, notes, electronic data, and documents in the file of an expert witness you may call to testify on behalf of the Defendant in this case.

7.  Please provide written or other documentation concerning factual observations, tests, supporting data, calculations, photographs, electronic data, and opinions of each consulting expert witness who will not be called to testify but: 1) whose opinions or impressions have been reviewed by an expert who may be called to testify in this case, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof any oral report; 2) who has obtained firsthand knowledge about this case, other than in consultation about this case; 3) who went to the scene of the subject collision; 4) who inspected any tangible evidence connected in any way to the subject collision; and/or 5) who obtained secondhand facts learned outside of consultation.

Electronically Filed
8/26/2017 9:2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

For Requests 8-13 "<u>Consulting Expert</u>" means any expert who has been informally consulted, retained, or specially employed by you, or by any other Defendant, in anticipation of litigation or preparation for trial or deposition, but who will not be called to testify: 1) whose opinions or impressions have been reviewed by an expert who may be called to testify in this case, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof any oral report; 2) who has obtained firsthand knowledge about this case, other than in consultation about this case; 3) who went to the scene of the subject collision; 4) who inspected any tangible evidence connected in any way to the subject collision; and/or 5) who obtained secondhand facts learned outside of consultation. "<u>Consulting Expert</u>" does <u>not</u> include an expert who has been informally consulted, retained, or specially employed by you in anticipation of litigation or preparation for trial or deposition who will not be called to testify, whose opinions and/or mental impressions have not been reviewed by a testifying expert, who has obtained firsthand knowledge about his case, other than in consultation about this case, who has not gone to and/or inspected the scene of the subject collision, who has not inspected any tangible evidence connected in any way to the subject collision, and/or who obtained secondhand facts learned outside of consultation.

8. Documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, electronic data, and other material in any form whatsoever, <u>prepared by</u>, reviewed by, and/or relied upon by each consulting expert.

9. Documents and tangible things including reports, physical models, compilations of data, factual observation, tests, tests results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, electronic data, and other material in any form whatsoever, <u>prepared by</u>, reviewed by, and/or relied upon by each consulting expert.

10. A recent resume or curriculum vitae for each and every consulting expert.

11. A bibliography for each and every consulting expert.

12. Letters, correspondence, documents, electronic data, and tangible things exchanged between you, as that term is defined herein above and each consulting expert which contain any compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps sketches, measurements, and other information in any form whatsoever relating to the subject collision, the cause of the subject collision, the items or facilities involved in the subject collision, persons witnessing the subject collision, and persons which were involved or near the scene of the subject collision.

13. Reports, in any form whatsoever, from each and every consulting expert who participated in the evaluation of Plaintiff's underinsured motorist claim made the subject of this lawsuit.

14. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the subject incident including all non-waiver

Electronically Filed
8/26/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you to Plaintiffs.

15. Copies of the documents, electronic data, and testimony Defendant has obtained through the use of depositions upon written questions, or by use of an authorization furnished to Defendant by Plaintiffs.

16. Documents, records, reports, notations, electronic data, or memoranda regarding the Plaintiffs from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

17. Written documents, and electronic data, including police reports and/or accident reconstructions describing the investigation of the subject incident conducted by any person, including Defendant prior to the time suit was filed.

18. Peer reviews, audits, medical summaries, memoranda, notes, letters, electronic data, and other documents relating to the medical records Plaintiffs have submitted for payment under the policy and/or injuries claimed by the Plaintiffs in this case.

19. Documents and electronic data relating to the amount(s) set aside and/or placed in reserve regarding Plaintiffs' bodily injury claim in this case.

20. Documents and electronic data relating to any and all notices you received from Plaintiffs regarding the subject incident made the basis of this lawsuit.

21. Records of every telephone conversation regarding Plaintiffs, excluding telephone conversations with your attorney defending you in this matter.

22. Liability work-ups or reports relating to Plaintiffs' claims.

23. Documents and electronic data relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating claims of injury in motor vehicle accidents from January 01, 2012 to the present.

24. Documents and electronic data relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating Plaintiffs' claims of injury in the motor vehicle accident that forms the basis of this suit.

25. Documents and electronic data, including but not limited to, books and manuals, used by your employees to assist in their evaluation of automobile accident bodily injury claims from January 01, 2012.

Electronically Filed
8/26/2017 9:2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

26. Documents and electronic data, including but not limited to, books and manuals, used by your employees to assist in their evaluation of underinsured motorist claims in use from January 01, 2012 to the present.

27. Records, reports, statements, electronic data, or data compilations you contend are a public record or report under Rule 803(8) of the Texas Rules of Evidence. This request does not refer to records, reports, statements or other data compilations which have no bearing on any issue in this case.

28. Complete and legible photocopies or audible recordings of any written or oral statement you or anyone acting on your behalf has obtained from Plaintiffs.

29. Documents and electronic data, relating to any settlement, deal, agreement or any other understanding of any kind (verbal, written or otherwise) which you or your attorney or anyone else acting on your behalf have made with any other person or party with respect to this lawsuit.

30. Documents and electronic data that support criminal records of any party or witness which you contend are relevant impeachment evidence.

31. Reports and electronic data from each and every expert you have employed or consulted in connection with this litigation (excluding only those you positively aver were employed for consultation purposes and who will not be called to testify herein) reflecting said experts' factual observations, tests, supporting data, calculations, photographs and/or opinions.

32. A copy of all insuring agreements relating to Plaintiffs.

33. A complete copy of the automobile insurance policy in effect on the ***date of loss*** covering Plaintiffs' automobile involved in the subject collision made the basis of this suit.

34. All reports, memoranda, electronic data, or other documents related to your evaluation of Plaintiffs' claim for benefits relating to any other claims Plaintiffs have made.

35. All documents and electronic data relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by Plaintiffs were payable or not payable.

36. Copies of any personal notes, documents, electronic data, or memoranda relating to Plaintiffs, excluding those subject to legitimate claims of attorney-client and/or work-product privileges.

37. All documents and electronic data relating to the amount of any loss reserves that you have established, set aside, or reported relating to any of the claims in this lawsuit.

38. Copies of correspondence, communications, electronic data, and/or documents send to or received from, or exchanged by and between you and Plaintiffs, their agents, employees, or representatives concerning the subject matter of this lawsuit.

Electronically Filed
8/26/2017 9:2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

39. Copies of any payments made by Defendant or any other insurance company regarding any claims related to Plaintiffs' subject collision made the basis of this suit.

40. Any and all treatises, periodicals and pamphlets that you may offer or use in the trail of this case under Rule 803(18) of the Texas Rules of Evidence.

41. Please produce any documents and electronic data that support your contentions or responses contained in your responses to any of the interrogatories of Plaintiffs' written interrogatories to Defendant.

<h3 style="text-align:center">FRANCISCO RODRIGUEZ'S<br>REQUESTS FOR ADMISSIONS NOS. 1-58 TO DEFENDANT</h3>

**NOTICE:** You are formally notified herein that, pursuant to TRCP 215.4(b), if you fail to admit the truth of any matter requested under TRCP 198, Plaintiffs reserve the right to apply to the Court for an order requiring you to pay Plaintiffs the reasonable expenses incurred in proving the truth of the matter requested under TRCP 198, including reasonable attorney fees.

1. Admit or deny that all proper, necessary, permissible and indispensable parties have been joined in this cause.

2. Admit or deny that all parties in this cause have been correctly named.

3. Admit or deny that on January 28, 2016, day of the occurrence in question, you were engaged in the business of insurance in Hidalgo County, Texas.

4. Admit or deny that Plaintiffs had a contract of insurance with you that provided for uninsured/underinsured motorist coverage that was in affect at the time of the subject collision.

5. Admit or deny that Francisco Rodriguez was involved in a motor vehicle accident on January 28, 2016 in San Juan, Hidalgo County, Texas.

6. Admit or deny that Francisco Rodriguez sustained injuries in a motor vehicle accident on January 28, 2016 in San Juan, Hidalgo County, Texas.

7. Admit or deny that Alicia Rodriguez was involved in a motor vehicle accident on January 28, 2016 in San Juan, Hidalgo County, Texas.

8. Admit or deny that Alicia Rodriguez sustained injuries in a motor vehicle accident on January 28, 2016 in San Juan, Hidalgo County, Texas.

9. Admit or deny that in a letter dated November 11, 2016 that Plaintiffs placed you on notice that they would be seeking to make an under-insured claim under Plaintiffs' insurance policy with you.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

10. Admit or deny that in a letter dated November 18, 2016 you gave Plaintiffs permission under the provisions of the uninsured/underinsured motorist coverage to settle their claims against the responsible party for the January 28, 2016 subject collision.

11. Admit or deny that Francisco Rodriguez incurred medical expenses from Southern Texas MRI Center to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

12. Admit or deny that Francisco Rodriguez incurred medical expenses from Rio Grande Valley Orthopedic Center to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

13. Admit or deny that Francisco Rodriguez incurred medical expenses from Waltham Consultants PA to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

14. Admit or deny that you have paid no benefits to Francisco Rodriguez under the uninsured/underinsured motorist coverage section of Plaintiffs' insurance policy with you in affect at the time of the subject collision in San Juan, Hidalgo County, Texas on January 28, 2016.

15. Admit or deny that you are in possession of Southern Texas MRI Center's bills for Francisco Rodriguez for services rendered for the injuries he suffered as a result of the January 28, 2016 subject collision.

16. Admit or deny that you are in possession of Rio Grande Valley Orthopedic Center's bills for Francisco Rodriguez for services rendered for the injuries he suffered as a result of the January 28, 2016 subject collision.

17. Admit or deny that you are in possession of Waltham Consultants PA's bills for Francisco Rodriguez for services rendered for the injuries he suffered as a result of the January 28, 2016 subject collision.

18. Admit or deny that Francisco Rodriguez incurred medical expenses from Southern Texas MRI Center totaling $4,380.00 for services rendered for the injuries he suffered as a result of the January 28, 2016 subject collision.

19. Admit or deny that Francisco Rodriguez incurred medical expenses from Rio Grande Valley Orthopedic Center totaling $21,025.00 for services rendered for the injuries he suffered as a result of the January 28, 2016 subject collision.

20. Admit or deny that Francisco Rodriguez incurred medical expenses from Waltham Consultants PA totaling $619.00 for services rendered for the injuries he suffered as a result of the January 28, 2016 subject collision.

21. Admit or deny that Francisco Rodriguez incurred medical expenses totaling $26,024.00 to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

22. Admit or deny that you failed to pay Francisco Rodriguez the total medical expenses he incurred from Texas Southern MRI Center to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

23. Admit or deny that you failed to pay Francisco Rodriguez the total medical expenses he incurred from Rio Grande Valley Orthopedic Center to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

24. Admit or deny that you failed to pay Francisco Rodriguez the total medical expenses he incurred from Waltham Consultants PA to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

25. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 4.5 mm at the L2-L3 level, indenting the thecal sac, causing moderate inferior neural foraminal stenosis bilaterally.

26. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 4.5 mm at the L3-L4 level, indenting the thecal sac, causing moderate inferior neural foraminal stenosis bilaterally.

27. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 4.5 mm at the L4-L5 level, indenting the thecal sac, causing moderate inferior neural foraminal stenosis bilaterally.

28. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a broadbased posterior protrusion-subligamentous disc herniation measuring 4 mm at the L5-S1 level, touching and impinging on the S1 nerve root in both sides.

29. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a posterior protrusion-subligamentous herniation measuring 2.5-2.7 mm at the C3-C4 level, indenting the thecal sac, abutting the spinal cord.

30. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a posterior bulging disc measuring 1.5 mm at the C4-C5 level, indenting the thecal sac, not reaching the spinal cord.

31. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a broadbased posterior protrusion-subligamentous disc herniation measuring 2.5-2.7

Electronically Filed
8/26/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

mm at the C5-C6 level, indenting the thecal sac, almost reaching the spinal cord, causing moderate foraminal stenosis bilaterally.

32. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Francisco Rodriguez taken at Southern Texas MRI Center on March 31, 2016, and identified a broadbased posterior protrusion-subligamentous disc herniation measuring 2.5-2.7 mm at the C6-C7 level, indenting the thecal sac, almost reaching the spinal cord, causing moderate foraminal stenosis bilaterally.

33. Admit or deny that Dr. Ruben Pechero has recommended that Francisco Rodriguez undergo a cervical epidural steroid injection at a cost of between $6,000.00 and $8,000.00 to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

34. Admit or deny that Dr. Ruben Pechero has recommended that Francisco Rodriguez undergo a lumbar epidural steroid injection at a cost of between $6,000.00 and $8,000.00 to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

35. Admit or deny that Dr. Ruben Pechero has recommended that Francisco Rodriguez undergo a lumbar laminectomy at a cost of between $81,450.00 and $87,700.00 to treat the injuries he suffered as a result of the January 28, 2016 subject collision.

36. Admit or deny that Alicia Rodriguez incurred medical expenses from Southern Texas MRI Center to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

37. Admit or deny that Alicia Rodriguez incurred medical expenses from Rio Grande Valley Orthopedic Center to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

38. Admit or deny that Alicia Rodriguez incurred medical expenses from Waltham Consultants PA to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

39. Admit or deny that you have paid no benefits to Alicia Rodriguez under the uninsured/underinsured motorist coverage section of Plaintiffs' insurance policy with you in affect at the time of the subject collision in San Juan, Hidalgo County, Texas on January 28, 2016.

40. Admit or deny that you are in possession of Southern Texas MRI Center's bills for Alicia Rodriguez for services rendered for the injuries she suffered as a result of the January 28, 2016 subject collision.

41. Admit or deny that you are in possession of Rio Grande Valley Orthopedic Center's bills for Alicia Rodriguez for services rendered for the injuries she suffered as a result of the January 28, 2016 subject collision.

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

42. Admit or deny that you are in possession of Waltham Consultants PA's bills for Alicia Rodriguez for services rendered for the injuries she suffered as a result of the January 28, 2016 subject collision.

43. Admit or deny that Alicia Rodriguez incurred medical expenses from Southern Texas MRI Center totaling $6,336.00 to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

44. Admit or deny that Alicia Rodriguez incurred medical expenses from Rio Grande Valley Orthopedic Center totaling $20,370.00 to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

45. Admit or deny that Alicia Rodriguez incurred medical expenses from Waltham Consultants PA totaling $972.00 to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

46. Admit or deny that Alicia Rodriguez incurred medical expenses totaling $27,678.00 to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

47. Admit or deny that you failed to pay Alicia Rodriguez the total medical expenses she incurred from Southern Texas MRI Center to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

48. Admit or deny that you failed to pay Alicia Rodriguez the total medical expenses she incurred from Rio Grande Valley Orthopedic Center to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

49. Admit or deny that you failed to pay Alicia Rodriguez the total medical expenses she incurred from Waltham Consultants PA to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

50. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 3.8-4 mm at the L2-L3 level, encroaching on the left inferior foramen.

51. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 3.8-4 mm at the L3-L4 level, encroaching on the left inferior foramen.

52. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the lumbar MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 3.8-4 mm at the L4-L5 level, encroaching on the left inferior foramen.

Electronically Filed
8/28/2017 9:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

53. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified a posterior protrusion-subligamentous disc herniation measuring 2.5-2.7 mm at the C3-C4 level, indenting the thecal sac, abutting the spinal cord.

54. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified a posterior bulging disc 1.5 mm at the C5-C6 level, indenting the thecal sac, not reaching the spinal cord.

55. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the cervical MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified a posterior bulging disc 1.5 mm at the C6-C7 level, indenting the thecal sac, not reaching the spinal cord.

56. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the left shoulder MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified bursitis in the subcoracoid-subscapularis bursa.

57. Admit or deny that Dr. Lorenzo Farolan, a board certified radiologist, interpreted the left shoulder MRI of Alicia Rodriguez taken at Southern Texas MRI Center on April 26, 2016, and identified biceps tendon tenosynovitis.

58. Admit or deny that Dr. Ruben Pechero, a board certified orthopedic surgeon, has recommended that Alicia Rodriguez undergo a lumbar laminectomy surgery at a cost of between $81,450.00 and $87,700.00 to treat the injuries she suffered as a result of the January 28, 2016 subject collision.

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant disclose, no later than 50 days of the service of this request, the information or material in TRCP 194.2(a)-(l).

## IMPEACHMENT

38.    Pursuant to T.R.E. 609(f), Plaintiffs request that the Defendant provide advanced written notice of the intent to use impeachment evidence of conviction of a crime(s) of the Plaintiffs, and/or of any witnesses in this case.

## PREEXISTING CONDITION

39.    Alternatively, if it is shown that Plaintiffs, prior to the subject occurrence had pre-existing medical, physical and/or psychological conditions, they have sustained aggravation of such

Electronically Filed
8/26/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

pre-existing medical, physical and/or psychological conditions.  More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiffs, had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating.  The occurrence and conduct of Defendant, by and through its agents, employees, and vice-principals, have aggravated and accelerated such conditions and/or made Plaintiffs more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries.  Further, as a consequence of Plaintiffs' injuries caused by Defendant's conduct, Plaintiffs have been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injures resulting from the occurrence in question, and to the effects of subsequent stressors.  Plaintiffs also have sustained additional mental anguish because of this increased vulnerability, which in reasonable probability Plaintiffs will experience for the remainder of their life.

## SUBSEQUENT CONDITION

40.     Pleading further, if it be shown that if Plaintiffs suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

## PREJUDGMENT INTEREST

41.     Plaintiffs also specifically plead for prejudgment interest as prescribed by law on damages that have been accrued by the time of the judgment.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs recover the following:

a.  Judgment against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;
b.  Prejudgment interest, at the legal rate on damages that have been accrued by the time of judgment;
c.  Interest after judgment at the legal rate per annum until paid;

Electronically Filed
8/28/2017 2:00 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2811-17-B**

   d.  Cost of suit;

   e.  Attorney's fees in a reasonable amount, together with conditional awards in the event of an appeal

   f.  Such other relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**HECTOR L. RODRIGUEZ LAW FIRM, PLLC**
511 West University Drive
Edinburg, TX 78539
Phone: 956-380-1421
Fax: 956-380-2920
Email: Hectorlawfirm@gmail.com

**Hector L. Rodriguez**
State Bar No. 00791555

Co-counsel:

**Raul "Rudy" Rodriguez**
State Bar No. 17148380
Raul Rodriguez, P.C.
511 West University Drive
Edinburg, TX 78539
Phone: 956-380-1421
Fax: 956-380-2920
Email: anointed511@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

# PLAINTIFFS REQUEST A JURY TRIAL

# EXHIBIT E

Electronically Filed
7/17/2017 9:07 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

**Cause No.  C-2811-17-B**

| | | |
|---|---|---|
| **FRANCISCO RODRIGUEZ AND** | § | **IN THE DISTRICT COURT** |
| **ALICIA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **OF HIDALGO COUNTY, TEXAS** |
| | § | |
| **NATIONAL LIABILITY & FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant** | § | **93RD JUDICIAL DISTRICT** |

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW NATIONAL LIABILITY & FIRE INSURANCE COMPANY, the Defendant herein, and respectfully files and submits its Original Answer to "Plaintiffs' Original Petition," as follows:

**GENERAL DENIAL**

1.      Pursuant to the terms and provisions of Rule 92, Texas Rules of Civil Procedure, the Defendant generally denies each and every, all and singular, the allegations contained in "Plaintiffs' Original Petition," and demands strict proof thereof.

**SPECIFIC DENIALS**

2.      Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY specifically denies Plaintiffs' allegations of breach of contract, breach of the duty of good faith and fair dealing, statutory Insurance Code violations, claims for Declaratory Judgment, and all other causes of action alleged in Plaintiffs' Original Petition.

1

Electronically Filed
7/17/2017 9:07 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

3.     By way of further answer, the Defendant specifically denies that all conditions precedent to Plaintiffs' causes of action, claims for breach of contract – express or implied – and/or violations of the Texas Insurance Code, if any, have occurred in the following respects:

a)     There has been no legal determination that the Defendant is under any contractual duty to pay benefits, in that Plaintiffs have not obtained a Judgment establishing the liability and Uninsured/Underinsured status of the alleged tortfeasor.  Accordingly, there presently exists no legally cognizable basis for Plaintiffs' claims and causes of action.  *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2007);

b)     The Plaintiffs have not given Defendant proper notice, in writing, in the form and manner required by the Texas Deceptive Trade Practices Act and/or the Texas Insurance Code;

c)     With respect to any potential claim for attorneys' fees resulting from any alleged breach of contract, Plaintiffs have not given the Defendant notice in the manner required by §39.002 of the Texas Civil Practice & Remedies Code.

4.     The Defendant specifically denies that at the time of the accident made the basis of the underlying lawsuit, the alleged tortfeasor was an "*uninsured*" or "*underinsured*" motorist within the meaning of the applicable policy.

5.     Pleading further, if same be necessary, the Defendant will show that no act or omission by it was the cause of any injury or damage to Plaintiffs.

Electronically Filed
7/17/2017 9:07 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

6.      While continuing to deny that Plaintiffs' injuries and damages, if any, were proximately caused by the Defendant, Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY respectfully requests a determination of whether the purported injuries and damages to Plaintiffs were proximately caused or produced by the conduct of the Plaintiffs and/or other persons or parties; and, if so, the Defendant seeks a determination of the percentage of such causation attributable to Plaintiffs, other persons, or parties found to have been a cause of any of the Plaintiffs' alleged injuries, losses or damages, and to reduce and/or apportion the Judgment, if any, by the degree of such causation attributed to the Plaintiffs or other persons or parties.

7.      Pleading further, the Defendant denies any liability to Plaintiffs for alleged extra-contractual damages.  The Defendant denies it acted fraudulently, maliciously, or in any manner that would entitle Plaintiffs to recover exemplary damages.  *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997).  The Defendant further pleads that any award to Plaintiffs for exemplary, additional, treble, or punitive damages or penalties is limited as prescribed by Chapter 41 of the Texas Civil Practice & Remedies Code, and Texas Insurance Code Sections 541.152 and 542.060.

8.      The Defendant specifically denies that it breached any warranties, express or implied.

## **AFFIRMATIVE DEFENSES**

9.      The Defendant asserts as an affirmative defense that Plaintiffs' injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act of omission on the part of the alleged tortfeasor and/or the Defendant.

10.     The Defendant also pleads the affirmative defense of excessive demand with respect to any claim for attorneys' fees.

3

Electronically Filed
7/17/2017 9:07 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

11.     The Defendant hereby asserts the protections afforded by §41.0105 of the Texas Civil Practice & Remedies Code limiting recovery of Plaintiffs' purported medical expenses to those "*actually paid or incurred*" by or on their behalf.

12.     With respect to any extra-contractual claims Plaintiffs assert or intend to assert, the Defendant asserts a *bona fide* coverage dispute.

13.     Pleading further, Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY would show that no act or omission on the part of the Defendant was a proximate cause of any injury to Plaintiffs.

14.     The Defendant further pleads the affirmative defense afforded by §17.49© of the Texas Business & Commerce Code.  To the extent Plaintiffs' claims and/or causes of action are alleged to have arisen from the adjustment of Plaintiffs' claim, the adjustment of the claim constitutes the rendition of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill.  To the extent Plaintiffs' claims and causes of action are predicated on the adjustment of the claim, which necessarily involves the judgment and opinion of the adjuster, such claims and causes of action are exempted from the application of the Texas Deceptive Trade Practices Act.

15.     The Defendant further pleads as an affirmative defense that it is entitled to any offsets for amounts paid and/or payable to Plaintiffs from other available coverages, including but not limited to Personal Injury Protection, Medical Payments, and/or third-party liability insurance.

WHEREFORE, PREMISES CONSIDERED, Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY respectfully prays that Plaintiffs FRANCISCO RODRIGUEZ and

4

Electronically Filed
7/17/2017 3:07 PM
Hidalgo County District Clerks
Reviewed By: Robert Maldonado

ALICIA RODRIGUEZ take nothing by this suit, and that this Defendant be permitted to go hence

with its costs and without day.

> Respectfully submitted,
>
> THE BROPHY LAW FIRM, P.C.
>
>   _/s/ Michael V. Brophy_
> Michael V. Brophy
> State Bar I.D. No.: 03082630
> 12946 Dairy Ashford Rd., Suite 370
> Sugar Land, TX    77478
> (281)-277-4141
> (281)-277-4111   FAX
> E-Mail:  Mike@Brophylawfirm.com
>
> ATTORNEY FOR DEFENDANT
> NATIONAL LIABILITY & FIRE
>          INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the attached document has been served upon the following by the method of service indicated on this the 17th day of July, 2017:

**VIA ELECTRONIC SERVICE:**

Mr. Hector L. Rodriguez                    (E-Mail: hectorlawfirm@gmail.com)
HECTOR L. RODRIGUEZ LAW FIRM, P.L.L.C.
511 West University Drive
Edinburg, TX  78539

>   _/s/ Michael V. Brophy_
> Michael V. Brophy

# EXHIBIT F

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts    Images

# REGISTER OF ACTIONS

## CASE NO. C-2811-17-B

| | | |
|---|---|---|
| **Francisco Rodriguez, Alicia Rodriguez VS. National Liability & Fire Insurance Company** | § <br> § <br> § <br> § <br> § | Case Type: **Injury or Damage - Motor Vehicle (OCA)** <br> Date Filed: **06/26/2017** <br> Location: **93rd District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **National Liability & Fire Insurance Company** | **Michael V. Brophy** <br> *Retained* <br> 281-277-4141(W) |
| **Plaintiff** | **Rodriguez, Alicia** | **HECTOR L. RODRIGUEZ** <br> *Retained* <br> 956-381-6602(W) |
| **Plaintiff** | **Rodriguez, Francisco** | **HECTOR L. RODRIGUEZ** <br> *Retained* <br> 956-381-6602(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 06/26/2017 | **Original Petition (OCA)** <br> *AND WRITTEN DISCOVERY* | | |
| 06/27/2017 | **Citation** | | |
| | National Liability & Fire Insurance Company | Served <br> Returned | 06/30/2017 <br> 07/05/2017 |
| 06/27/2017 | **Citation Issued** | | |
| 07/17/2017 | **Answer** | | |
| 07/19/2017 | **Motion for Docket Control Conference, Filed** | | |
| 07/19/2017 | **Proposed Order** <br> *ON MOTION FOR TELEPHONOC DOCKET CONTROL CONFERENCE* | | |
| 07/20/2017 | **E-Filing Forwarded to Court Queue** <br> *ORDER SETTING HEARING FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** National Liability & Fire Insurance Company <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 07/24/2017** | | | 2.00 <br> 2.00 <br> **0.00** |
| 07/18/2017 | Transaction Assessment | | | 2.00 |
| 07/18/2017 | EFile Payments from TexFile | Receipt # DC-2017-056742 | National Liability & Fire Insurance Company | (2.00) |
| | **Plaintiff** Rodriguez, Francisco <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 07/24/2017** | | | 304.00 <br> 304.00 <br> **0.00** |
| 06/26/2017 | Transaction Assessment | | | 302.00 |
| 06/26/2017 | EFile Payments from TexFile | Receipt # DC-2017-050680 | Rodriguez, Francisco | (302.00) |
| 07/19/2017 | Transaction Assessment | | | 2.00 |
| 07/19/2017 | EFile Payments from TexFile | Receipt # DC-2017-057411 | Rodriguez, Francisco | (2.00) |

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO RODRIGUEZ AND** | § | |
| **ALICIA RODRIGUEZ,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **NATIONAL LIABILITY & FIRE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT'S LIST OF COUNSEL**

In compliance with Rule LR81 of the Local Rules of the United States District Court for the

Southern District of Texas, Defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY

respectfully submits this list of counsel of record in this case:

**Plaintiffs Francisco Rodriguez and Alicia Rodriguez:**

The Plaintiffs are represented in this case by:

Mr. Hector L. Rodriguez
HECTOR L. RODRIGUEZ LAW FIRM, PLLC
State Bar I.D. No.: 00791555
S.D. Tex I.D. No.: ___(*Unknown*)___
511 West University Drive
Edinburg, TX 78539
(956)-380-1421
(956)-380-2920  FAX
E-Mail: hectorlawfirm@gmail.com

**Defendant National Liability & Fire Insurance Company:**

The Defendant is represented in this case by:

Michael V. Brophy
State Bar I.D. No.: 03082630
S.D. Tex. I.D. No.: 6849
THE BROPHY LAW FIRM, P.C.
12946 Dairy Ashford Rd., Ste. 370
Sugar Land, TX   77478
(281)-277-4141
(281)-277-4111   FAX
E-Mail: Mike@Brophylawfirm.com

Respectfully submitted,

THE BROPHY LAW FIRM, P.C.

  */s/ Michael V. Brophy*
Michael V. Brophy
State Bar I.D. No.: 03082630
12946 Dairy Ashford Rd., Ste. 370
Sugar Land, TX   77478
(281)-277-4141
(281)-277-4111   FAX
E-Mail: Mike@Brophylawfirm.com

ATTORNEY FOR DEFENDANT